UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Cr. No. 21-309 (ABJ) |
| ) | |
| RUSSELL JAMES PETERSON,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

### SUPPLEMENTAL SENTENCING MEMORANDUM

Mr. Russell Peterson, through undersigned counsel, respectfully submits this supplement as ordered by this Court on November 29, 2021. *See* Minute Order, 11/29/21. As stated in this Court's Minute Order the supplemental submission should "elaborate on whether and how the Court could impose a sentence of home incarceration and probation for a petty offense when it cannot impose a sentence of incarceration and supervised release. Would the home incarceration be a condition of probation?" *Id.*

This Court's analysis should begin by referring to 18 U.S.C. § 3551, entitled "Authorized Sentences" which states:

> (b) INDIVIDUALS.—An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
> (1) a term of probation as authorized by subchapter B;
> (2) a fine as authorized by subchapter C; *or*
> (3) a term of imprisonment as authorized by subchapter D.
> A sentence to pay a fine may be imposed in addition to any other sentence. A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection.

18 U.S.C. § 3551(b) (emphasis added).

The statute sets out three different types of punishment: a term of probation, a fine, and a term of imprisonment. The fact that "a sentence to pay a fine may be imposed in addition to any other sentence" underscores the fact that the other two types of sentences – probation *or*

imprisonment – are mutually exclusive – it is either/or.

"[T]he statute provides a choice among three alternative punishments." *United States v. Martin*, 363 F.3d 25, 35 (1st Cir. 2004). "If a court chooses to impose probation, it does so pursuant to the terms of § 3561. That section prohibits imposition of probation when 'the defendant is sentenced *at the same time* to a term of imprisonment' (emphasis added), further emphasizing the alternative nature of incarceration and probation in any one sentencing decision. Thus, both § 3551(b) and § 3561 require a district court to choose between probation and imprisonment when imposing its original sentence." *Id.* (footnotes omitted).

18 U.S.C. § 3561, entitled "Sentence of Probation" states the following:

(a) IN GENERAL.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
(1) the offense is a Class A or Class B felony and the defendant is an individual;
(2) the offense is an offense for which probation has been expressly precluded; or
(3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

Section 3561(a) provides that probation is default permissible but for three circumstances and then addresses those times that probation is unavailable. Probation is not permitted if the offense is a Class A or Class B felony and the defendant is an individual. Probation is not permitted if the offense is one for which the Code expressly precludes probation. And probation is not permitted if "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." In Mr. Peterson's case, probation is permissible.

In imposing conditions of probation, this Court has the discretion to impose conditions that are reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2). *See* 18 U.S.C. § 3563(b). Notably, 18 U.S.C. § 3563(b)(19) states the following:

(19) remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephone or electronic signaling devices, except that a condition under this paragraph may be imposed only as an alternative to incarceration.

*See* 18 U.S.C. § 3563(b)(19).  Therefore, the statute makes it clear that this Court can impose home incarceration/electronic monitoring as a condition of probation if it is an alternative to incarceration pursuant to 18 U.S.C. § 3563(b)(19).  Because this condition must be imposed as "an alternative to incarceration," Mr. Peterson respectfully submits that this Court cannot impose any more than 6 months of home confinement, as the statute to which he pled guilty has a maximum term of 6 months incarceration.  *Id.*

Further, several other judges from this district, including Chief Judge Howell, have been imposing sentences that include home detention as a condition of their probationary sentence for the events that occurred on January 6.  The chart that is attached to the government's sentencing memorandum highlights the following cases:

> *Bustle, Jessica* 1:21-CR-00238-TFH 40 U.S.C. § 5104(e)(2)(G) – sentenced to 60 days of home detention, 24 months' probation, 40 hours community service, $500 restitution;
>
> *Bustle, Joshua* 1:21-CR-00238-TFH 40 U.S.C. § 5104(e)(2)(G) - 30 days home detention, 24 months probation, 40 hours community service, $500 restitution;
>
> *Bennett, Andrew* 1:21-CR-00227-JEB 40 U.S.C. § 5104(e)(2)(G) - 3 months of home detention, 24 months' probation, 80 hours, community service, $500 restitution;
>
> *Dillon, Brittiany* 1:21-CR-00360-DLF 40 U.S.C. § 5104(e)(2)(D) - 60 days home detention, 3 years probation, $500 restitution;
>
> *Fitchett, Cindy* 1:21-CR-00041-CJN 40 U.S.C. § 5104(e)(2)(G) – 1 month home detention, 36 months probation, 60 hours community service, $500 restitution;
>
> *Sweet, Douglas* 1:21-CR-00041-CJN 40 U.S.C. § 5104(e)(2)(G) - 1 month home detention, 36 months probation, 60 hours community service, $500 restitution;
>
> *Griffith, Jack* 1:21-CR-00204-BAH 40 U.S.C. § 5104(e)(2)(G) - 90 days home detention, 36 months probation, $500 restitution;

*Torrens, Eric* 1:21-CR-00204-BAH 40 U.S.C. § 5104(e)(2)(G) - 90 days home detention, 36 months probation, $500 restitution;

*Gruppo, Leonard* 1:21-CR-00391-BAH 40 U.S.C. § 5104(e)(2)(G) - 90 days home detention, 24 months probation, $3,000 fine, $500 restitution;

*Croy, Glenn* 1:21-CR-00162-BAH 40 U.S.C. § 5104(e)(2)(G) - 90 days home detention, 14 days community correctional facility, 36 months' probation, $500 restitution;

*Stotts, Jordan* 1:21-CR-00272-TJK 40 U.S.C. § 5104(e)(2)(G) - 60 days home detention, 24 months probation, $500 restitution, 60 hours community service.

*See* Gov't Exhibit, 27-1, pages 1-4.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500