UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21-cr-00309 (ABJ) |
| v. | : | |
| | : | |
| RUSSELL JAMES PETERSON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in response to the Court's minute order dated November 29, 2021.

**I.     Home Confinement May be Imposed as a Condition of Probation**

Many judges in this district have imposed home confinement as a condition of probation in Capitol breach cases. *United States v. Bustle*, 21-cr-238 (TFH), ECF 42, 44, Page 2 (Judgments); *United States v. Bennett*, 21-cr-227 (JEB), ECF 29, Pages 3, 5 (Judgment); *United States v. Dillon*, 21-cr-360 (DLF), ECF 31, Pages 2, 4 (Judgment); *United States v. Fitchett*, 21-cr-041 (CJN), ECF 145, Page 2; *United States v. Sweet*, 21-cr-041 (CJN), ECF 142, Page 2; *United States v. Griffith*, 21-cr-204 (BAH), ECF 145, Pages 2, 5; *United States v. Torrens*, 21-cr-204 (BAH), ECF 133, Pages 2, 5; *United States v. Gruppo*, 21-cr-391 (BAH), ECF 32, Pages 2, 5; *United States v. Croy*, 21-cr-162 (BAH), ECF 58, Pages 2, 5; *United States v. Stotts*, 21-cr-272 (TJK), ECF 34, Pages, 2, 5. And there is authority for doing so here. Conditions of probation are governed by 18 U.S.C. § 3563. According to § 3563, the Court "may provide, as further conditions of a sentence of probation…that the defendant satisfy such other conditions as the court may impose" so long as those conditions are reasonably related to the factors set forth in §

1

3553(a)(1) and (a)(2) and involve "only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b)(22).

Additionally, though the Sentencing Guidelines do not apply here, they provide a useful framework in analyzing the applicability of home detention as a condition of probation. Under the Guidelines, "Home Detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." USSG §5F1.2. Similar to the regime set out under §5F1.2, any period of home detention up to the statutory maximum of six months could be imposed as a condition of probation and a substitute for imprisonment.

Courts in this district have also imposed home confinement as a condition of probation prior to the Capitol breach cases. *United States v. Brooks*, No. CR 07-94 (PLF/AK), 2014 WL 6908761, at *2 (D.D.C. Dec. 8, 2014); *United States v. Douglas*, No. CR 10-171-4 (JDB), 2021 WL 214563, at *13 (D.D.C. Jan. 21, 2021). As have district courts in other jurisdictions. *United States v. Abbadessa*, 848 F. Supp. 369, 396, 397 (E.D.N.Y. 1994), *vacated sub nom. United States v. DeRiggi*, 45 F.3d 713 (2d Cir. 1995), and *vacated sub nom. United States v. Deriggi*, 50 F.3d 3 (2d Cir. 1995), and *vacated sub nom. United States v. Deriggi*, 54 F.3d 765 (2d Cir. 1995) ("Andrew Fichera is sentenced to three years of probation and 500 hours of community service. As a condition of probation he is to serve six months in home confinement."). As such, the general prohibition against supervised release for petty offenses does not affect a term of home confinement included as a condition of probation.

II. **A Sentence Imposed for a Violation of 40 U.S.C. § 5104(e)(2)(G) May Include Both Incarceration and Probation.**

Though not expressly addressed in the Court's minute order, the government provides the following information about imposing a term of incarceration along with a term of probation. Under 18 U.S.C. § 3561, a defendant "may be sentenced to a term of probation unless . . . the

2

defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3). Section 3561(a)(3) thus states the general rule that "imposition of both probation and straight imprisonment" in the same sentencing hearing is not permitted. *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999); *see United States v. Harris*, 611 F. App'x 480, 481 (9th Cir. 2015); *United States v. Anderson,* 787 F. Supp. 537, 539 (D. Md. 1992).

As the government noted in its original sentencing memorandum, the general prohibition against sentences that combine continuous incarceration and probation does not apply, however, where the defendant is sentenced for a petty offense. *See* 18 U.S.C. § 3561(a)(3); *United States v. Posley*, 351 F. App'x 801, 809 (4th Cir. 2009). In *Posley*, the defendant, convicted of a petty offense, was sentenced to two years of probation with the first six months in prison. *Posley*, 351 F. App'x at 808. In affirming that sentence, the Fourth Circuit concluded that Section 3651(a)(3) "[u]nquestionably" provided statutory authority to sentence the petty-offense defendant to "a term of six months of continuous imprisonment plus probation." *Id.* at 809. Permitting a combined sentence of continuous incarceration and probation for petty offenses is sensible because sentencing courts cannot impose supervised release on petty-offense defendants. See 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense). It follows that a sentencing court may impose a combined sentence of incarceration and probation where, as here, the defendant is convicted of a petty offense.

Finally, a third option available to the Court would be to impose probation and "intermittent confinement" as a condition of probation. *Anderson*, 787 F. Supp. at 539; *see* 18 U.S.C. § 3563(b)(10) (permitting sentencing court to require the defendant as a condition of

3

probation to "remain in custody of the Bureau of Prisons during nights, weekends, or other intervals of time"). However, the government is not recommending intermittent confinement due to exposure risks arising from the Covid-19 pandemic.

                Respectfully submitted,

                Matthew M. Graves
                United States Attorney

By:   *s/Amanda Jawad*
      Amanda Jawad
      NY Bar No. 5141155
      Assistant United States Attorney
      District of Columbia Detailee
      211 W. Fort Street
      Detroit, MI 48226
      (313) 226-9116
      Amanda.Jawad@usdoj.gov

Date: November 30, 2021